**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BOARDS OF TRUSTEES OF THE OHIO LABORERS BENEFITS,**

**Plaintiff,**

**v.**

**VELOCITY CONSTRUCTION SERVICES LLC d/b/a GREER CONSTRUCTION COMPANY, LLC,**

**Defendant.**

**Case No. 2:24-cv-3953**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

**REPORT AND RECOMMENDATION**

On October 2, 2026, the Court granted the motion of the attorney for Defendant Velocity Construction Services LLC d/b/a Greer Construction Company, LLC, Joshua J. Brown, to withdraw as counsel. (ECF No. 68.) In that Order, the Court ordered Defendant to retain new counsel and have its counsel enter an appearance on the docket within 30 days. (*Id.*) When the 30 days elapsed with no entry of appearance of counsel for Defendant, the Court ordered Defendant on November 6, 2026, to show cause within fourteen days why the Clerk should not enter default against it as a sanction for failure to comply with the Court's October 2, 2026 Order. (Show Cause Order, ECF No. 69.) To date, Defendant has not filed a response to the Show Cause Order.

As explained in the Show Cause Order, artificial entities such as Defendant cannot proceed in this Court without an attorney. Consequently, it is **RECOMMENDED** that the Court **DIRECT** the Clerk to enter default against Defendant Velocity Construction Services LLC d/b/a Greer Construction Company, LLC, under Federal Rule of Civil Procedure 55(a).

The Clerk is further **DIRECTED** to serve a copy of this Order on Defendant at the following address:

**Velocity Construction Services LLC d/b/a Greer Construction Company LLC**
c/o Northwest Registered Agent Service, Inc., S.A.
6545 Market Ave North, Ste 100
North Canton, OH 44721

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**